1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                       EASTERN DISTRICT OF CALIFORNIA
10                              ----oo0oo----
11  JAMES SANFORD,
                                        NO. CIV. S-04-1336 WBS CMK
12            Plaintiff,

13       v.                             MEMORANDUM AND ORDER

14  HOLLYWOOD ENTERTAINMENT
    CORPORATION dba HOLLYWOOD
15  VIDEO #005-649; MANN BROS.
    CORPORATION dba MOUNTAIN
16  MIKE'S PIZZA; R.E.B.
    ENTERPRISES V, LLC; and DOES 1
17  through 10,

18            Defendants.
19                              ----oo0oo----

20            Plaintiff James Sanford brings claims against, among
21  others, defendant R.E.B. Enterprises V, LLC (hereinafter
22  "defendant") for violation of (1) The Americans With Disabilities
23  Act of 1990, 42 U.S.C. § 1201 et seq. ("ADA"); (2) The Unruh Act,
24  California Civil Code § 51 et seq.; (3) The Disabled Persons Act,
25  California Civil Code § 54 et seq.; (4) The Unfair Business Act,
26  Cal. Bus. & Prof. Code § 17200 et seq.; and (5) California Health
27  and Safety Code § 19955 et seq.; and (6) for negligence.  The
28  discovery deadline in this case is not until October 3, 2006.

                                    1

(See Status (Pretrial Scheduling) Order dated January 28, 2005 at 3). Motions may be calendered for hearing up to November 3, 2006. (Id. at 2). However, defendant has already moved for summary judgment. Pursuant to Federal Rule of Civil Procedure 56(f), plaintiff requests that (1) the court order defendant to allow him to conduct a site inspection of defendant's property on July 8, 2005; and (2) the court continue defendant's summary judgment motion until August 22, 2005.

I.   Discussion

> Rule 56(f) states:
>
> Should it appear from the affidavits of a party opposing [a] motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). At first blush, the resolution of a request to continue a summary judgment motion so that further discovery can first be had pursuant to Rule 56(f) would appear to be within the sound discretion of the district court. However, the Ninth Circuit has divorced the court of any such illusion.

In Metabolife Int'l v. Wornick, the Ninth Circuit clarified that:

> Although Rule 56(f) facially gives judges the discretion to disallow discovery when the nonmoving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery "where the nonmoving party has not had the opportunity to discover information that is essential to its opposition."

264 F.3d 832, 846 (9th Cir. 2001)(citing Anderson v. Liberty

2

Lobby, Inc., 477 U.S. 242, 250 n.5 (1986)).  Therefore, the court must grant a request made pursuant to Rule 56(f) where the party making the request shows (1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that these facts sought exist, and (3) that these sought-after facts are "essential" to resist the summary judgment motion.  California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998).

In this case it would be highly prejudicial to plaintiff for this court to rule on defendant's summary judgment motion before plaintiff had the opportunity to conduct additional discovery.  One of the core arguments in defendant's summary judgment motion is that plaintiff's ADA claim should be dismissed for mootness because all of the alleged access barriers have been removed from defendant's property since plaintiff filed suit. (See Def.'s Mem. of P. & A. at 5-6, 8-16).  Plaintiff, however, has not yet conducted a site inspection of defendant's property pursuant to Federal Rule of Civil Procedure 34.  See Fed. R. Civ. P. 34(permitting "entry upon designated land or other property in possession or control of the party upon whom [a] request is served for the purpose of inspection . . . .").

Plaintiff's counsel has submitted a signed declaration in support of plaintiff's request for a continuance pursuant to Rule 56(f).  (See Pl.'s Decl. for a Rule 56(f) Continuance at 3). In that declaration, plaintiff's counsel states that a site inspection of defendant's property would allow plaintiff to develop evidence necessary to determine whether defendant has removed certain access barriers from the property that plaintiff

3

1  claims are in violation of the ADA.  Plaintiff's counsel also
2  states that, if the subject barriers have been removed, a site
3  inspection would allow plaintiff to determine whether any new
4  barriers were inadvertently created in the process of removing
5  the old ones.  (<u>See</u> Pl.'s Decl. for a Rule 56(f) Continuance ¶¶
6  6-7).  Without such an inspection, plaintiff's counsel states
7  that plaintiff cannot respond to defendant's mootness argument.
8  (<u>See</u> <u>id.</u> ¶ 5).  Plaintiff's point is well taken.  Defendant has
9  put the current condition of the property at issue in its motion
10 for summary judgment.  Therefore, it would be unfair to deny
11 plaintiff the opportunity to inspect the property in order to
12 prepare his opposition to defendant's summary judgment motion.

13          Plaintiff has submitted a proposed order in which he
14 requests the court to order the defendant[1] to allow plaintiff to
15 inspect the property under Rule 34 on July 8, 2005 at 10:00 a.m.
16 (Proposed Order filed on June 20, 2005 at 2).  Attached to
17 plaintiff's proposed order is a copy of a letter from the law
18 offices of defendant R.E.B.'s counsel suggesting that R.E.B.
19 would be amenable to having plaintiff conduct a site inspection
20 of the property on the suggested date.  (<u>See</u> <u>id.</u>, Ex. A (Letter
21 dated June 17, 2005).  Plaintiff also requests that the hearing
22 on defendant's motion be continued to August 22, 2005.  (<u>Id.</u> at
23 2).  Because defendant has until October 3, 2006 to conduct

---

[1]     Plaintiff refers to defendant<u>s</u> rather than just defendant R.E.B. Enterprise V, LLC in his proposed order. (Proposed Order filed on June 20, 2005 at 2).  However, the court assumes this is a typographical error because the rest of plaintiff's proposed order clearly refers to only the discrete property owned by defendant R.E.B. Enterprise V, LLC.  (<u>See</u> <u>id.</u>).

4

discovery and until November 3, 2006 to have its motion heard, the dates requested by plaintiff are acceptable.

IT IS THEREFORE ORDERED that:

(1) plaintiff be allowed to conduct a site inspection of defendant's property on July 8, 2005; and

(2) the hearing on defendant's motion for summary judgment be, and the same hereby is, CONTINUED to August 22, 2005 at 1:30 p.m.

DATED: June 22, 2005

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5